ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2008 MAR 18 AM 10: 39

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

DENNIS A. TATE, )
)
Plaintiff, )
)
v. ) CV 307-070
)
TONY WASHINGTON, et al., )
)
Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, brought the above-captioned case *pro se* pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Tony Washington, Warden; (2) Stan Sheppard, Deputy Warden of Care and Treatment; (3) Gail Powell, Medical Director; and (4) Dr. Alston, a medical doctor at JSP. (Doc. no. 1, p. 4).

Plaintiff's complaint sets forth allegations concerning the medical treatment he received at JSP. (Doc. no. 1). Plaintiff explains that in April, 2004, he had a heart attack. (Id. at 5). On September 15, 2007, Plaintiff was hospitalized, the Court presumes, for reasons relating to his heart. (Id.). According to Plaintiff, when he was released from the hospital, doctors at the hospital advised both he and personnel at JSP "that within 2-4 weeks it is prudent that [he] see a cardiologist for another heart catheterization." (Id.). Plaintiff was re-hospitalized on September 25, 2007, because, according to him, JSP had lost all of his heart medication, which caused him to go without medication for ten days. (Id.). Once again, according to Plaintiff, when he was released from the hospital, doctors from the hospital advised that within 2-4 weeks he needed to be seen by a cardiologist. (Id.).

Plaintiff alleges that in spite of the directives from the doctors at the hospital that he see a cardiologist with in 2-4 weeks, Defendant Alston discontinued Plaintiff's visits to the cardiologist and merely prescribed Plaintiff more medication. (Id.). Plaintiff alleges that Defendant Alston is being deliberately indifferent to his medical needs. (Id. at 6).

Plaintiff is suing Defendants Washington, Sheppard, and Powell in their supervisory capacities. (Id. at 6, 7). Namely Plaintiff claims that Defendant Washington, as Warden of JSP, is legally responsible for the operation of JSP and the welfare of the inmates. (Id. at 6). Plaintiff asserts that as Deputy Warden of Care and Treatment, Defendant Sheppard is legally responsible for the health and welfare of all inmates. (Id.). Finally, Plaintiff alleges that Defendant Powell, as Medical Director at JSP, is responsible for ensuring that all medical staff are properly trained and that the appropriate treatment is prescribed to each individual. (Id. at 7). Plaintiff seeks injunctive and monetary relief. (Id. at 9).

Plaintiff states that he filed an informal grievance regarding his claims and subsequently filed a formal grievance when his complaints were not resolved. (Id. at 3). However, Plaintiff states that because of the urgency of the issue concerning his health, he did not complete the grievance procedure and instead commenced the above-captioned case. (Id. at 3, 4). Specifically, Plaintiff asserts that he appealed his apparent denial of the formal grievance, but had not received an answer as of October 5, 2007. Plaintiff also submitted a notice to the Court in which he claims to have exhausted his administrative remedies. (Doc. no. 4). Plaintiff's notice simply consists of a copy of his informal grievance receipt and a copy of his formal grievance receipt. Of note, Plaintiff's formal grievance receipt reflects that it was received on October 10, 2007, two days after he signed the complaint in this case. (Doc. no. 1, p. 9).

## II. DISCUSSION

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2387 (2006). In order to properly exhaust his claims, a prisoner

3

must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 2385-86 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 2978 (2006). Put plainly, "a Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. Jan. 17, 2006) (quoting Johnson, 418 F.3d at 1155).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).

Here, Plaintiff admits that he has failed to complete the exhaustion process prior to filing suit. Plaintiff asserts that, as of the date he filed the above-captioned complaint, he had not received an answer to his appeal in the administrative process. (Doc. no. 1, p. 4, ¶ 3). In fact, the very evidence Plaintiff provided to show that he had exhausted his administrative remedies established otherwise. (Doc. no. 4). Not only had the time for a response to Plaintiff's appeal not expired, but the time for a response to his formal grievance had also not expired. As noted above, the receipt for the formal grievance indicated it was received on October 10, 2007, two days after Plaintiff signed the complaint in this case.

4

The administrative grievance process is governed by SOP IIB05-0001. See SOP IIB05-0001 § VI(B), once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the administrative remedies procedure commences with the filing of an informal grievance. The inmate has ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. SOP IIB05-0001 § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id § VI(C)(2) & (D). The SOP requires that an inmate be given a response to his informal grievance within ten (10) calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id § VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five (5) business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has thirty (30) calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five (5) business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has ninety (90) calendar days after receipt of the grievance appeal to respond. Id. § VI(D)(2),(5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. Id.

First, it should be pointed out that the PLRA does not allow Plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999). Under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156. Thus, in light of Plaintiff's admission that he failed to properly exhaust administrative remedies, the instant complaint should be dismissed without prejudice.[1]

---

[1] The Court recognizes that the Supreme Court recently held that under the Prison Litigation Reform Act, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 921 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, Civil Case No. 06-16322 (11th Cir. Jan. 8, 2008) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that Plaintiff failed to exhaust his administrative remedies).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE